IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUTH CARMAN,

                    Plaintiff,

v.                                                Case No. 18-2198-KHV

GVL POLYMERS INC., et al.,

                    Defendants.

## **ORDER**

The plaintiff, Ruth Carman, brings this employment action against GVL Polymers Inc. and Yeti Coolers, LLC, alleging discrimination and retaliation in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Kansas common law. Defendant Yeti Coolers, LLC ("Yeti") has filed a motion to dismiss for lack of personal jurisdiction (ECF No. 8). Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is plaintiff's motion for leave to conduct limited jurisdictional discovery before responding to Yeti's dispositive motion (ECF No. 15). For good cause shown, plaintiff's motion is granted.

Typically, discovery does not occur in a case until the parties have held a discovery planning conference in accordance with Fed. R. Civ. P. 26(f).[1] The parties have not yet held a Rule 26(f) planning conference, and per the court's initial order regarding planning and scheduling (ECF No. 21), the parties have until August 27, 2018, to so confer. The Tenth Circuit has directed, however, that "[w]hen a defendant moves to

---

[1] Fed. R. Civ. P. 26(d)(1).

dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[2] District courts have broad discretion in setting a discovery plan and must ensure that no party is prejudiced by the lack of an opportunity to conduct discovery.[3] "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted … or where a more satisfactory showing of the facts is necessary."[4]

The undersigned has reviewed Yeti's motion to dismiss and exhibits offered in support. Yeti has presented declarations from two witnesses in an attempt to show Yeti's limited involvement and lack of authority over employees at defendant GVL's manufacturing facility in Kansas. Plaintiff, however, asserts that Yeti "did more than merely 'occasionally visit[] GVL's facility in Kansas to discuss new work orders and to give presentations to GVL's employees relating to quality and cosmetic standards.'"[5] Plaintiff submits her own declaration, claiming Yeti representatives directed her work and instructed her to do certain tasks.

---

[2] *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde* and holding that district court abused its discretion in not allowing limited discovery on the issue of subject matter jurisdiction).

[3] *Sizova*, 282 F.3d at 1326; *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 102 (10th Cir. July 12, 2012) ("As with the court's handling of discovery in other stages of litigation, in the context of a motion to dismiss for lack of jurisdiction, we give the district court much room to shape discovery." (internal modifications and quotations omitted)).

[4] *Sizova*, 282 F.3d at 1326 (internal quotation and citation omitted).

[5] ECF No. 16 at 2–3 (quoting ECF No. 9 at 1–2).

The court observes that in a Title VII case involving the same counsel and defendants in this litigation, U.S. Magistrate Judge Teresa J. James recently granted, for good cause shown, the plaintiff's motion for leave to conduct limited jurisdictional discovery before responding to defendant Yeti's motion to dismiss.[6] Both the plaintiff's motion for leave and Yeti's motion to dismiss (including the declarations in support thereof) are substantially similar to the motions pending in the instant case. Given the factual issues raised in Yeti's motion to dismiss, the undersigned concurs with Judge James' finding of good cause, and grants plaintiff's motion.

With respect to the scope and timeline for such discovery, the court finds the discovery deadline and limitations set forth in Judge James' ruling reasonable and appropriate in this case, and adopts the same below. Of course, in light of the overlapping discovery sought in each case (i.e., depositions of the affiants supporting Yeti's motions to dismiss), the court strongly cautions the parties to avoid duplicative or otherwise inefficient discovery.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to conduct limited jurisdictional discovery (ECF No. 15) is granted.

2. Plaintiff shall have until **October 16, 2018**, to conduct said discovery, subject to the following limits on the scope of discovery:

---

[6] Case No. 18-2075-JWL-TJJ, ECF No. 38.

3

a. Plaintiff may depose the two affiants who swore that Defendant YETI had limited involvement while present at Defendant GVL's manufacturing plant over production and employees;

b. Plaintiff may also depose up to three other persons who did not file affidavits, whom Plaintiff believes will verify that Defendant YETI did have control, supervision and power over the production of YETI coolers and Defendant GVL's production plant and the employees who manufactured such coolers. Plaintiff may not exceed this limit without leave of Court, and the Court discourages Plaintiff from seeking such leave; and

c. Plaintiff may serve no more than ten Requests for Production of Documents, including subparts, and no more than ten Interrogatories.[7]

3. Plaintiff's deadline to respond to defendant Yeti's motion to dismiss (ECF No. 8) is extended to **October 26, 2018**.

4. The initial order regarding planning and scheduling (ECF No. 21) is vacated. The parties shall confer and submit their planning meeting report (via email to the undersigned's chambers) within five business days of Judge Vratil's ruling on Yeti's motion to dismiss (ECF No. 8).

Dated July 27, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[7] *Id.*